UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT NORRIS, | ) 1:07CV1142 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER BOYKO |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| VALLEY TRANSP., INC., | ) |
| et al., | ) |
| | ) |
| Defendants | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The plaintiff Robert Norris ("Norris") has filed suit against defendants Valley Transportation, Inc. ("Valley") and American Fidelity Assurance ("American Fidelity"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to 29 U.S.C. § 1132(a)(1) and (3). The first count alleges a wrongful denial of disability benefits. (Doc. 25, amended complaint, ¶¶ 27-28.) The second count alleges that defendants breached their fiduciary duty to Norris under 29 U.S.C. § 1109. <u>Id.</u> at ¶¶ 30-31.

Defendant American Fidelity has filed a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that Norris has failed exhaust administrative remedies as required by ERISA. (Doc. 22; <u>see also</u> doc. 8.)

## I.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

To be successful, a motion to dismiss for failure to state a claim upon which relief can be granted must establish, beyond a reasonable doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Wright v. Metrohealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses.  Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint.  Miller, 50 F.3d at 377.  The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. Central States Pension Fund v. Mahoning Nat'l Bank, 112 F.3d 252, 255 (6th Cir. 1997).

## II.  FACTUAL ALLEGATIONS OF COMPLAINT

The amended complaint set forth the following factual allegations, which the court is bound to accept as true.  Norris was a participant in an employee welfare benefit plan, specifically a short-term disability policy, purchased through his employer Valley, and provided by American Fidelity.  (Am.Compl., at ¶¶ 2, 5-8, 13.) More particularly:

13. Plaintiff [Norris] was employed by Defendant Valley as a truck driver on two separate occasions.

14. Plaintiff was first employed from November 15, 2002, through May 14, 2004.

15. Plaintiff was again employed with Defendant Valley from November 12, 2004, through April 14, 2005.

16. At the commencement of Plaintiff's employment with Defendant Valley on both occasions, Plaintiff applied for a short-term disability policy with Defendant American [Fidelity].

17. Plaintiff was issued a short-term disability policy with Defendant American during his first stint with Defendant Valley.

18. That short-term disability policy was cancelled effective June 1, 2004, when Plaintiff left the employment of Defendant Valley the first time.

19. Plaintiff again applied for a short-term disability policy when he became reemployed by Defendant Valley.

20. During this period of time, Defendant Valley withheld premiums from Plaintiff's paycheck for the short-term disability policy as demonstrated by the check stubs attached hereto as Exhibit "A" and made a part hereof.

21. In or about April of 2005, Plaintiff became disabled as a result of injury to his neck.

22. Plaintiff applied for benefits under the Disability Policy.

23. The notice of denial of disability benefits which Plaintiff received from Defendant American stated that his benefits were denied as a result of the non-payment of premiums effective June 1, 2004. A copy of the denial is attached hereto as Exhibit "B" and made a part hereof.

24. The June 1, 2004, date coincides with the termination of Plaintiff's previous employment with Defendant Valley.

25. Either Defendant Valley did not forward the insurance premiums they deducted from Plaintiff's paycheck to Defendant American during

> the most recent course of Plaintiff's employment or Defendant
> American failed to properly put a policy in place on Plaintiff's behalf.

(Doc. 25, Am.Compl., at ¶¶ 13-25.)

### III. AMERICAN FIDELITY'S MOTION

Defendant American Fidelity moves to dismiss the first count on the basis that "Plaintiff fails to allege that he exhausted the administrative remedies available under the STD [short-term disability] Plan prior to bringing his claim before this Court or to explain why such failure is excusable." (Doc. 22, at 2; see also doc. 8, at 3-4.) American Fidelity asserts that "this obligation to exhaust administrative remedies prior to bringing a lawsuit seeking benefits from an ERISA plan is a mandatory, not voluntary, requirement uniformly recognized and imposed upon all plaintiffs by the courts." Id. American Fidelity asserts that a participant in an ERISA plan "must exhaust administrative remedies prior to initiating a lawsuit seeking ERISA benefits." (Doc. 8, at 4.)

Norris opposes the motion on several grounds. (Doc. 17, 26.) Norris argues that American Fidelity "is seeking the benefit of the administrative procedure contained in the policy, while at the same time denying the claim because no policy exists." (Doc. 17, at 2; see also doc. 26, at 2.) Norris also argues that, even if there were administrative remedies under a policy, ERISA does not explicitly require exhaustion. (Doc. 26, at 3.) In the alternative, Norris argues that any failure to

exhaust should be excused as under the "futility" exception. (Doc. 17, at 3-5; doc. 26, at 3-4.)

### A. Exhaustion under ERISA

The ERISA statutes do not contain an explicit requirement that a plaintiff must exhaust administrative remedies prior to bringing suit seeking benefits, but courts have judicially enforced such a requirement. Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 418 (6th Cir. 1998); Costantino v. TRW, Inc., 13 F.3d 969, 974 (6th Cir. 1994). "The application of the administrative exhaustion requirement in an ERISA case is committed to the sound discretion of the district court and thus can be disturbed on appeal only if there has been an abuse of discretion." Fallick, 162 F.3d at 418 (citing Costantino).

Some federal courts have found that exhaustion "is properly raised not as an element of a claim [under ERISA] but as an affirmative defense." Adamczyk v. Lever Bros. Co., Div. of Conopco, 991 F.Supp. 931, 934 (N.D. Ill. 1997). See generally Jones v. Bock, 127 S.Ct. 910, 919 (2007) (usual practice under Federal Rules is to regard exhaustion as affirmative defense; rejecting Sixth Circuit practice which required pleading exhaustion in PLRA cases). The Sixth Circuit has not yet ruled on this issue in the ERISA context. See Harris v. Pepsi Bottling Group, Inc., Location No. 42, 438 F.Supp.2d 728, 733 (E.D. Ky. 2006). The general rule, of course, is that "a plaintiff has no obligation to anticipate in his complaint an affirmative defense and include allegations intended to negate it." Moore v. ABB Power T&D Co. Inc., No. IP-00-0085, 2000 WL 1902185, at *1 (S.D. Ind. Dec. 13,

2000).  See also Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 904 (6th Cir. 2004) (complaint need not plead every response to potential defense).

Although American Fidelity cites several cases in support of its motion to dismiss, none of these establish that the action must be dismissed under Rule 12(b)(6) on the basis that the plaintiff "fail[ed] to allege that he exhausted the administrative remedies available under the [ERISA Plan] prior to bringing his claim." (Doc. 22, at 2.)

In Weiner v. Klais and Co., Inc., the court of appeals upheld the district court's dismissal of an action for recovery of benefits because the plaintiff, in his complaint, "appear[ed] to concede that he ha[d] not exhausted his administrative remedies under the plan." Weiner v. Klais and Co., Inc., 108 F.3d 86, 90-91 (6th Cir. 1997).  There is no such concession in the amended complaint here, nor does Weiner state that exhaustion must be addressed in the complaint itself.

The court in Miller v. Metropolitan Life Ins. Co. was reviewing the district court's ruling on a motion for summary judgment, not a motion to dismiss under Rule 12.  The court raised the exhaustion issue in a discussion as to which documents were properly considered in ruling on a Rule 56 motion, stating "the district court correctly considered plaintiff's failure to supply the documentation requested by [defendant] subsequent to the initial termination of benefits." Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991).

6

In <u>Anderson v. Procter & Gamble Co.</u>, the issue was whether a party could recover attorneys' fees for legal work performed during the administrative proceedings required for exhaustion. <u>Anderson v. Procter & Gamble Co.</u>, 220 F.3d 449, 454-455 (6th Cir. 2000). The court found that "Section 502 of ERISA does not permit parties to recover attorneys' fees for legal work performed during the administrative phase of a benefits proceeding," and affirmed the district court's grant of summary judgment on that issue. <u>Id.</u> at 456.

The court in <u>Whitworth Bros. Storage Co.</u> was also reviewing a ruling on a motion for summary judgment, not a motion to dismiss under Rule 12(b)(6). <u>Whitworth Bros. Storage Co. v. Central States Southeast & Southwest Areas Pension Fund</u>, 982 F.2d 1006 (6th Cir.), <u>cert. denied</u>, 510 U.S. 816 (1993). In addition, that case did not involve an action for benefits. The court ruled that a plaintiff-employer "may not cease making contributions on behalf of an employee and then immediately file a claim in federal court for a refund of prior contributions made on the employee's behalf in an action for restitution under federal common law without first requesting a refund from the pension fund." <u>Whitworth Bros. Storage Co.</u>, 982 F.2d at 1019.

The court should deny the motion to dismiss under Rule 12(b)(6) as to the first count, because American Fidelity has failed to demonstrate, beyond a reasonable doubt, that Norris can prove no set of facts in support of the claims of his amended complaint which would entitle him to relief.

B. Futility exception

Norris raises the futility exception to exhaustion. (Doc. 26, at 3.) Federal courts have found an exception to the exhaustion requirement "when resort to the administrative route is futile or the remedy inadequate." Weiner, 108 F.3d at 90-91 (quoting Costantino, 13 F.3d at 974). In Fallick v. Nationwide Mut. Ins. Co., the Sixth Circuit discussed the futility exception:

> The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made. A plaintiff must show that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision."

Fallick, 162 F.3d at 419 (internal citations omitted) (reviewing ruling on summary judgment).

Presently before the court is a motion to dismiss, which merely tests the sufficiency of the complaint. See generally Kostrzewa v. City of Troy, 247 F.3d 633, 643 (6th Cir. 2001) (court may not consider matters beyond complaint); Roth Steel Prod. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983) (extrinsic evidence cannot be considered). From the allegations of the amended complaint, the court is unable (at this preliminary stage) to determine whether the futility exception would apply or not.

C. Breach of fiduciary duty claim

American Fidelity also moves to dismiss the second count, which alleges a breach of fiduciary duty. The amended complaint alleges that "Defendants' termination or denial of Plaintiff's disability benefits under Disability Policy

8

constitute[s] a breach of . . . fiduciary duty in violation of 29 U.S.C. §1109." (Am.Compl., at ¶ 31.) They argue that Norris cannot bring an action for breach of fiduciary duty, where the alleged breach is the same denial of benefits alleged in count one. (Doc. 8, at 2-3; doc. 22, at 5.)

Norris responds that the claim should not be dismissed because he is permitted to plead "alternative and even inconsistent claims." (Doc. 17, at 5.)

ERISA imposes high standards of fiduciary duty upon administrators of an ERISA plan. James v. Pirelli Armstrong Tire Corp., 305 F.3d 439, 448 (6th Cir. 2002), cert. denied, 538 U.S. 1033 (2003); Krohn v. Huron Mem. Hosp., 173 F.3d 542, 547 (6th Cir. 1999). The administrator's fiduciary duty under ERISA has three components:

> (1) a duty of loyalty, requiring that "all decisions regarding an ERISA plan 'must be made with an eye single to the interests of the participants and beneficiaries;'" (2) a "prudent person fiduciary obligation," requiring that a plan fiduciary exercise his or her duties "with the care, skill, prudence, and diligence" of a prudent person acting under similar circumstances; and (3) a duty to act for the exclusive purpose of prov[id]ing benefits to plan participants.

James, 305 F.3d at 448-449 (quoting Krohn, 173 F.3d at 547).

In addition, "ERISA imposes a fiduciary duty on plan administrators to follow the plan's terms." Cutting v. Jerome Foods, Inc., 820 F.Supp. 1146, 1153 (W.D. Wis. 1991), aff'd, 993 F.2d 1293 (2d Cir.), cert. denied, 510 U.S. 916 (1993). However, a benefits determination found to be erroneous does not rise to the level of a breach of fiduciary duty, unless there is a demonstration that there has been a breach of the statutory standard. Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1458

9

(5th Cir. 1995). See generally 29 U.S.C. § 1104(a)(1) (fiduciary duties). The amended complaint contains no allegations of a breach of the statutory standard.

More importantly, the Sixth Circuit held in Wilkins v. Baptist Healthcare Sys., Inc. that an ERISA claimant "cannot simply characterize a denial of benefits as a breach of fiduciary duty," finding that such a result was expressly rejected by the Supreme Court in Varity Corp. v. Howe, 516 U.S. 489 (1996). Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615-616 (6th Cir. 1998). The court noted that 29 U.S.C. § 1132(a)(1) provides a remedy for a denial of benefits, and that 29 U.S.C. § 1132(a)(3) only authorizes relief for statutory violations not otherwise provided for. Wilkins, 150 F.3d at 615 (citing Varity, 516 U.S. at 512). See also Algie v. RCA Global Communications, Inc., 891 F.Supp. 870, 873-874 (S.D. N.Y. 1994) (improper denial of benefits governed by Sect. 1132(a)(1)(B), whereas right of action for breach of trust obligations, §§ 1104 and 1109, limited to claims on behalf of plan for misconduct regarding trust itself, not payment of benefits to participants).

Thus, the allegations of the amended complaint fail to state a claim for which relief can be granted, and the second count should be dismissed.

## IV. SUMMARY

The motion to dismiss (doc. 22) should be DENIED as to the first count, alleging denial of ERISA benefits, and GRANTED as to the second count, alleging a breach of fiduciary duty.

RECOMMENDATION

It is recommended that the motion be denied in part and granted in part.


Dated:   Feb. 28, 2008              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).