**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT NORRIS,** | ) | **CASE NO. 1:07CV1142** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **VALLEY TRANSPORTATION INC.,** | ) | **OPINION AND ORDER** |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation regarding Defendant American Fidelity Assurance's Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the District Court REJECTS in part and ADOPTS in part the Magistrate Judge's Report and Recommendation. The Court REJECTS the Magistrate Judge's recommendation that the Motion to Dismiss be denied as to Count One of the Amended Complaint and ADOPTS the recommendation that the Motion to Dismiss be granted as to Count Two. Therefore, the Rule 12(b)(6) Motion to Dismiss by Defendant American Fidelity Assurance is GRANTED, without prejudice, as to both Count One and Count Two of the Amended Complaint.

**FACTUAL BACKGROUND**

Plaintiff Robert Norris ("Plaintiff") filed a two-count complaint against Valley Transportation, Inc. ("Valley") and American Fidelity Assurance ("American Fidelity") to recover benefits allegedly owed under a short-term disability policy (the "STD Plan") provided

1

by American Fidelity through Plaintiff's employment with Valley. Because the STD Plan was an employee welfare benefit plan as defined under 29 U.S.C. § 1002(1)(A), Plaintiff brought his claims for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1) and (3) and 29 U.S.C. §1109.

Count One of Plaintiff's Amended Complaint alleged denial of disability benefits in violation of 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(a)(3). Count Two alleged breach of fiduciary duty in violation of 29 U.S.C. §1109. The basis of both counts is Plaintiff's claim that, in spite of the fact that the premiums for the short-term disability policy were withheld from Plaintiff's paycheck, Plaintiff's application for benefits under the policy was denied as a result of non-payment of premiums. Plaintiff alleges that either Valley did not forward the premiums deducted from Plaintiff's paycheck to American Fidelity or American Fidelity failed to properly put a policy in place on Plaintiff's behalf. Plaintiff alleges American Fidelity wrongfully denied Plaintiff's disability benefits and Defendants American Fidelity and Valley breached a fiduciary duty owed to Plaintiff in connection with the disability insurance.

Plaintiff commenced this action on April 18, 2007. On July 5, 2007, American Fidelity filed a Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). On August 23, 2007, Plaintiff filed a brief in opposition to American Fidelity's Motion to Dismiss.

On August 23, 2007, Plaintiff also filed a request to file an Amended Complaint, which was granted by the Court on October 15, 2007. Plaintiff's Amended Complaint included additional factual information and two new exhibits; however, the substance and legal basis of his claims were not altered, as he continued to allege wrongful denial of disability benefits and breach of fiduciary duty by defendants.

On October 25, 2007, American Fidelity filed a Motion to Dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that Plaintiff failed to allege exhaustion of administrative remedies as required by ERISA.  American Fidelity argued that a participant in an employee welfare benefit plan governed by ERISA must exhaust administrative remedies prior to initiating a lawsuit seeking ERISA benefits, and because Plaintiff's Complaint did not indicate Plaintiff exhausted the administrative remedies available under the STD Plan prior to filing the action, dismissal of the action was proper.

On February 28, 2008, the Magistrate Judge issued his Report and Recommended Decision, recommending American Fidelity's Motion to Dismiss be denied as to Count One and granted as to Count Two.  The Magistrate Judge stated the Sixth Circuit had not yet ruled on whether exhaustion is properly raised as an element of a claim or as an affirmative defense, and thus it was unclear whether it must be addressed in the complaint itself.  The Magistrate Judge went on to explain that although American Fidelity referenced several cases in support of its Motion to Dismiss, none were sufficient to establish the action must be dismissed as a result of Plaintiff's failure to allege exhaustion of remedies in the Amended Complaint.

On March 10, 2008, American Fidelity filed its Partial Objection to the Magistrate Judge's Report and Recommended Decision, arguing that dismissal of Count One of the Amended Complaint was appropriate because Plaintiff had failed to allege exhaustion of administrative remedies in the Amended Complaint as required by the Sixth Circuit.  On March 12, 2008, Plaintiff filed a Memorandum in Opposition to American Fidelity's Partial Objection.  On March 17, 2008, American Fidelity filed its reply to Plaintiff's Memorandum in Opposition.  All of these documents were taken into consideration in the writing of this Opinion and Order.

**LAW AND ANALYSIS**

**I.      Standard of Review-Magistrate's Report and Recommendation**

A District Judge shall make a *de novo* determination of those portions of the Magistrate's Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).  A District Judge may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge.  *Id*.  "Any party that desires plenary consideration by the Article III judge...need only ask."  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  American Fidelity timely filed its Objection, so it is entitled to a *de novo* review of the Magistrate Judge's recommendations.

**II.     Standard of Review-Motion to Dismiss**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and is designed to determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.,* 2007 U.S. Dist. LEXIS 62208 (N. D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly,* U.S., 127 S.Ct. 1955, 1974 (2007).  Claims alleged in the complaint must be "plausible," not merely "conceivable."  *Id.*  Furthermore, when ruling on a motion to dismiss under Rule 12(b)(6), the court is confined to reviewing the complaint to determine whether the plaintiff has stated a claim, and may not consider outside pleadings.  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

For purposes of the 12(b)(6) Motion to Dismiss, in which the Court accepts the allegations in the Amended Complaint as true, review under ERISA is proper because Plaintiff

4

has sufficiently alleged in his Amended Complaint that a policy existed.  Although there is some confusion as to whether American Fidelity put a policy in place on Plaintiff's behalf, Plaintiff alleges in the Amended Complaint that he was wrongfully denied disability benefits under the terms of the Disability Policy.  As a result, Plaintiff argues he is entitled to enforce his rights under the terms of the policy and to enjoin American Fidelity from continuing to deny the benefits under the policy.  Thus, despite the confusion regarding whether a policy was in fact in place, Plaintiff's emphasis on presently existing rights pursuant to the terms of a disability policy suggests an allegation by Plaintiff that a policy was in fact in existence.  Because the Court is to accept the allegations in the complaint as true, Plaintiff's allegation of the existence of a policy is sufficient to justify the Court's inquiry into this matter.

**III.     Count One: Administrative remedies must be exhausted before plaintiff files suit to recover benefits under ERISA**

Although ERISA does not contain an explicit requirement that a plaintiff exhaust administrative remedies prior to bringing a suit to obtain benefits, the Sixth Circuit has judicially enforced such a requirement.  *Costantino v. TRW, Inc.* 13 F.3d 969, 974 (6th Cir. 1994).  Thus, when exhaustion of administrative remedies prior to filing suit is not shown, the party seeking benefits under ERISA will not be entitled to relief.

**IV.     Count One: Exhaustion of administrative remedies must be alleged in complaint**

Both the United States Court of Appeals for the Sixth Circuit and the Northern District of Ohio have held exhaustion of administrative remedies must be alleged by the plaintiff in his or her complaint.  In *Borman v. The Great Atlantic & Pacific Tea Co., Inc.*, the Sixth Circuit Court of Appeals found that vague allegations set forth in the complaint of a lengthy period of fruitless discussions concerning the benefit claims were insufficient to properly allege exhaustion.

5

*Borman v. The Great Atlantic & Pacific Tea Co., Inc.*, 64 Fed. Appx. 524, 528 (6th Cir. 2003). The court stated that ERISA causes of action may be dismissed because of the complainant's failure to discharge procedural requirements like demonstrating exhaustion of remedies. *Id.* In a footnote to the decision, the court then referred to the failure to discharge the procedural requirement of demonstrating exhaustion as a "pleading defect," thus making it clear that the required showing of exhaustion of remedies must be included in the complaint itself. *Id.*

Similarly, the United States District Court for the Northern District of Ohio held when an amended complaint fails to allege the exhaustion of administrative remedies, plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. *Orzechowski v. York*, 2007 U.S. Dist. LEXIS 31236, *7 (N.D. Ohio 2007).

Plaintiff's Amended Complaint does not state or even suggest that Plaintiff appealed the initial denial or sought to remedy the situation in any other way prior to filing suit. Therefore, Plaintiff failed to meet the exhaustion requirement and cannot properly bring suit to recover ERISA benefits.

**V.      Count One: If exhaustion is not shown, plaintiff must show that exhaustion would be inadequate or futile**

The Sixth Circuit recognizes an exception to the exhaustion requirement. When resort to the administrative route would be futile or inadequate, the plaintiff is not required to exhaust his or her administrative remedies prior to filing suit. *Weiner v. Klais & Co.*, 108 F. 3d 86, 91 (6th Cir. 1997). *See also Costantino, supra*, at 974. However, the mere contention that exhaustion would be futile is insufficient; instead, plaintiff must set forth a factual basis to support the application of the exception. *Weiner, supra,* at 91. *See also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998) (stating that plaintiff must make a "clear and positive

6

indication of futility"). Furthermore, the futility exception to exhaustion is limited and will only apply when resort to administrative remedies is "clearly useless." *Fallick, supra*, at 419.

American Fidelity argues lack of futility in its Motion to Dismiss the Amended Complaint by stating "neither the additional factual allegations nor the exhibits attached in support of said factual allegations explain the failure by Plaintiff to exhaust the administrative remedies provided under the STD Plan or to otherwise provide evidence excusing such inaction." American Fidelity's claim that Plaintiff failed to "otherwise provide evidence excusing such inaction" suggests a belief by American Fidelity that Plaintiff has not demonstrated any exception, including futility, which would justify Plaintiff's failure to exhaust administrative remedies.

Plaintiff attempts to demonstrate futility in his Memorandum in Opposition to American Fidelity's Motion to Dismiss. Plaintiff explains that his claim was denied by American Fidelity because no policy had been issued. Plaintiff argues that going through an administrative appeal would not change the fact that a policy did not exist and thus, any appeal would be futile. However, although Plaintiff doubts that an appeal would be successful, he fails to show in his Amended Complaint that an appeal could not possibly provide any relief and would therefore be "clearly useless."

The Sixth Circuit will apply the futility exception only in limited circumstances. For example, when the purpose of the administrative procedure is to challenge benefits denials based on plan interpretation, and the plaintiff is seeking to challenge the constitutionality of the plan itself, rather than the interpretation, exhaustion of the administrative procedure would be futile. *Costantino*, *supra*, at 974-75. Or, when a plaintiff has already pursued a long series of

7

communications with the defendant insurance department to inquire about the reduction of benefits and methodology, and the insurance department consistently demonstrates an unwillingness to alter its methodology, any further efforts at exhaustion would be futile. *Fallick*, *supra*, at 414.

Although Plaintiff claims in this situation an appeal would be futile, he does not describe the procedures and relief available, nor does he demonstrate the procedures available are insufficient to provide him with any relief.  Plaintiff does not suggest he has participated in repeated unsuccessful attempts to exercise administrative remedies and further exhaustion would be futile.  Plaintiff's statement that "[g]oing through an administrative appeal would not change the fact that a policy did not exist," is not sufficient to show that resort to the available administrative remedies would be useless; thus futility has not been shown.

Although the Magistrate Judge held the court was unable to determine whether the futility exception would apply at such a preliminary stage, the court has, when faced with a motion to dismiss in other situations, determined that exhaustion and futility have not been sufficiently alleged at a similarly early point in the proceedings. *Orzechowsk*i, *supra*, at *7.  Therefore, this Court's inquiry into whether futility has been sufficiently shown is proper.

**VI.	Count One: The futility exception must be set forth in the pleadings**

The Sixth Circuit requires a showing of futility in the pleadings in order to excuse a plaintiff's failure to exhaust administrative remedies.  In *Orzechowski*, the District Court held because Plaintiff's complaint failed to allege exhaustion of administrative remedies or futility, Plaintiff's claim for relief under ERISA must be dismissed. *Orzechowski*, *supra*, at *9.  Therefore, in order to excuse Plaintiff's failure to plead exhaustion, Plaintiff would have to

8

sufficiently allege in the pleadings that exhaustion would be futile.  Although Plaintiff raises the issue of futility, he fails to sufficiently demonstrate futility within the pleadings, as required by case law.

### VII.     Count One: Failure to sufficiently allege exhaustion or futility exception in complaint warrants dismissal

The Sixth Circuit has held when a plaintiff fails to exhaust administrative remedies or allege a factual basis for the contention that exhaustion would be futile, dismissal of the action is proper.  *Weiner*, *supra*, at 91.  In both *Borman* and *Orzechowski*, failure to sufficiently allege exhaustion of administrative remedies in the complaint itself resulted in dismissal of the action under Fed. R. Civ. P. 12(b)(6).  *See Orzechowski*, *supra*, at *9; *Borman, supra*, at 529.  In *Orzechowski*, the court stated that it had "no choice" but to dismiss the ERISA claim as a result of Plaintiff's failure to allege in his amended complaint either exhaustion of administrative remedies or that the exhaustion requirement should be excused because exhaustion would be futile.  *Orzechowski, supra,* at *7-8.  Therefore, in order to survive a motion to dismiss, Plaintiff would have to demonstrate in his Amended Complaint that he pursued and exhausted an appeal or other review process after the initial denial by defendants prior to filing suit or that the pursuit of such remedies would have been futile.  Since Plaintiff has failed to set forth in his Amended Complaint any allegations of exhaustion or facts indicating that exhaustion would be unnecessary or futile, American Fidelity's Motion to Dismiss should be granted.

### VIII.    Count Two: Plaintiff's failure to object to Magistrate Judge's Report and Recommendation warrants dismissal of Count Two

In its Partial Objection to the Magistrate Judge's Report and Recommended Decision, American Fidelity objected to the Magistrate Judge's denial of its Motion to Dismiss in regards

to Count One. Plaintiff, on the other hand, did not file any objections to the Magistrate Judge's Report and Recommendation. Because Plaintiff did not object to dismissal of Count Two, the Court adopts the recommendation of the Magistrate Judge that the Motion to Dismiss be granted as to Count Two.

## CONCLUSION

Based upon the foregoing reasons, the District Court REJECTS the Magistrate Judge's recommendation that the Motion to Dismiss be denied as to Count One of the Amended Complaint and ADOPTS the recommendation that the Motion to Dismiss be granted as to Count Two. Therefore, Defendant American Fidelity Assurance's 12(b)(6) Motion to Dismiss is GRANTED, without prejudice, as to both Count One and Count Two.

**IT IS SO ORDERED.**

**DATE: September 26, 2008**

                                        **s/Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**